JOSH COLE AICKLEN
Nevada Bar No. 007254
Josh.Aicklen@lewisbrisbois.com
HUONG X. LAM
Nevada Bar No. 010916
Huong.Lam@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Facsimile: 702.893.3789
Attorneys for Defendant
HIGHGATE HOTELS LP

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| C.C., individually,<br><br>          Plaintiff,<br><br>     vs.<br><br>JAMAL F. RASHID a/k/a "MALLY MALL," an individual; HIGHGATE HOTELS, L.P., a Delaware limited partnership; RADISSON HOSPITALITY, INC., a Minnesota corporation; MARRIOTT INTERNATIONAL INC., a Delaware corporation; DEUTSCHE BANK AG, a German corporation; DEUTSCHE IMOBILIEN AG, a German corporation; THE BLACKSTONE GROUP, L.P. a Delaware limited partnership; NEVADA PROPERTY 1 LLC, a Delaware limited liability company, MGM RESORTS INTERNATIONAL, a Delaware corporation; ARIA RESORT & CASINO LLC, a Nevada Limited liability company; WYNN RESORTS, LIMITED, a Nevada corporation; WYNN LAS VEGAS, LLC, a Nevada limited liability company; STK LAS VEGAS, LLC, Nevada limited liability company; THE ONE GROUP LLC, a Delaware limited liability company; THE ONE GROUP HOSPITALITY, INC, a Colorado company; THE LIGHT GROUP, LLC, a Nevada limited liability company; VICI PROPERTIES INC., a New York Real Estate Investment Trust; DESERT PALACE LLC, d/b/a Caesar's Palace, a Nevada Limited Liability Company; CAESAR'S ENTERTAINMENT, INC. f/k/a Eldorado | CASE NO. 2:23-cv-02056<br><br>**DEFENDANT HIGHGATE HOTELS, L.P.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6) WITH PREJUDICE** |

137074096.1

|   |   |
|---|---|
| 1 | Resorts, Inc., a Delaware corporation; and ROE CORPORATIONS I-XX; and JOHN DOES I-XX, |
| 2 |   |
| 3 | Defendants. |

Defendant HIGHGATE HOTELS, L.P., by and through its attorneys of record, Lewis Brisbois Bisgaard & Smith LLP, hereby moves to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, Defendant HIGHGATE HOTELS, L.P. moves to dismiss on the ground that Plaintiff's claims are barred by the statute of limitations of both state and federal law.

This Motion is based on FRCP 12(b)(6) and all other pleadings on file, the law and arguments contained within the points and authorities below, and any oral argument which may be allowed by the Court.

DATED this 1st day of March, 2024.

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By    /s/ Josh Cole Aicklen
JOSH COLE AICKLEN
Nevada Bar No. 007254
HUONG X. LAM
Nevada Bar No. 010916
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Attorneys for Defendant
HIGHGATE HOTEL LP

137074096.1                            2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On November 11, 2023, Plaintiff C.C. ("PLAINTIFF") filed a Complaint seeking to hold Defendant HIGHGATE HOTELS, L.P. ("HIGHGATE") and other hospitality defendants liable for her alleged sex trafficking perpetrated by Codefendant JAMAL F. RASHID a/k/a "MALLY MALL," ("RASHID") and other individuals. (Complaint, ECF No. 2-1). Particular to HIGHGATE, Plaintiff claims that during a four-month period in 2011, HIGHGATE allegedly operated what was then the Radisson Hotel New York-East Side, a/k/a/ the Lexington Hotel, at 511 Lexington Ave., New York, NY 10017 ("the Lexington"). Plaintiff subsequently filed a First Amended Complaint[1] ("First Amended Complaint") but her allegations against HIGHGATE remain unchanged. (First Amended Complaint, ECF No. 57, ¶¶ 36-171). The basis of Plaintiff claims against HIGHGATE are based on the belief that Lexington staff and/or employees turned a blind eye to her sex trafficking during her stay at the Lexington for a four-month period in 2011. As is proved below, Plaintiff's claims are barred by the applicable state and federal statutes of limitations and should be dismissed with prejudice.

## II. BACKGROUND

The First Amended Complaint alleges that the sex trafficking began sometime in 2010 when Plaintiff was 19 years old. (Id. at ¶¶ 40-54). This began when Plaintiff was allegedly tricked into flying to Las Vegas and came under the control of an individual named Walter (Id. at ¶¶ 49-51). Walter allegedly forced Plaintiff into the sex trade for about a four-month period, from 2010 to early 2011. (Id. at ¶¶ 51-97). In early 2011, a stranger named Oscar reached out to Plaintiff on Facebook and offered to help her escape and fly her to him in New York. (Id. at ¶¶ 98-99).

Plaintiff alleges that she met Oscar in his room at the Lexington, where she ended up being trafficked by Oscar over a four-month period in 2011. (Id. at ¶157 ). Plaintiff alleges that Oscar kept

---

[1] It is Defendant HIGHGATE's position that Plaintiff's First Amended Complaint contains immaterial, impertinent and scandalous opinions and speculation. HIGHGATE reserves it's right to file a Motion to Strike pending the outcome of the instant Motion to Dismiss.

137074096.1                                3

her prisoner in their room at the Lexington, leaving only when a client was present. (Id. at ¶ 110). Plaintiff further alleges that based on Oscar's "pattern of behavior," combined with the steady stream of male visitors to their room at the Lexington, "it would have been almost impossible for the staff to miss" signs that Plaintiff was being trafficked. (Id. at ¶111). Plaintiff further alleges that HIGHGATE intentionally "fostered a culture of silence about the sex trade to protect their bottom line." (Id. at ¶ 114).

Plaintiff was allegedly under Oscar's control for a total of eight months in New York and claims she was able to escape from Oscar "during a brief trip to Florida and buy her own way back to New York." (Id. at ¶ 157). After the escape from Oscar, Plaintiff "spent several weeks living alone and making her own decisions for the first time in nearly a year. Unfortunately, Oscar was able to track her down at her new apartment and "began to stalk her aggressively." (Id. at ¶ 160). Looking for somewhere to run, Plaintiff alleges her best option was when a friend put her in touch with RASHID, someone who allegedly "had the money and connections to put Oscar and Walter in their places if they came for her." (Id. at ¶ 161).

Thereafter, Plaintiff alleges she was trafficked from 2011 to 2013 under RASHID's control. Sometime in mid-2013, RASHID sent Plaintiff to a client in Wisconsin. (Id. at ¶232). After a few days in Wisconsin, Plaintiff was again able to flee and "somehow made her way back to New York." (Id. at ¶ 233-239). However, Plaintiff was unable to make ends meet in New York - "[h]aving spent most of her adult life so far as an involuntary sex worker, she had no other marketable skills, and ***even sex work*** failed to support her in New York City." Emphasis added. (Id. at ¶ 240). Plaintiff then returned to Las Vegas. (Id. at ¶ 241). The Amended Complaint is silent as to what Plaintiff did when she returned to Las Vegas, but only that "her situation continued to deteriorate. Things got so bad that she became nostalgic for her time with Walter…Eventually, in about early 2014, desperation won out and [Plaintiff] called Walter for help." (Id. at ¶¶ 241-243). Thus, for another three-year period, Plaintiff was allegedly trafficked under Walter's control. (Id. at ¶ 248).

Based on these allegations, Plaintiff brings a claim under the federal Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA") as well as Nevada statutory and common-law

claims against all named Defendants. While HIGHGATE is certainly sympathetic to the story outlined in Plaintiff's First Amended Complaint, her claims against HIGHGATE mandate dismissal. Specifically, Defendant HIGHGATE HOTELS, L.P. moves to dismiss on the ground that Plaintiff's claims are barred by the statutes of limitations of both state and federal law.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) permits dismissal of a complaint, as a matter of law, for failure to state a claim for "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (as amended) (citation omitted). To survive a FRCP 12(b)(6) motion, a plaintiff must allege enough facts to state a claim that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Twombly, 550 U.S. at 556). Plausibility does not mean probability but does require "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. A pleading that offers mere "labels and conclusions" or "a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555.

In considering a motion to dismiss, a court must accept all factual allegations in the complaint as true "and construe the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005). A dismissal under FRCP 12(b)(6) is essentially a ruling on a question of law. North Star International v. Arizona Corp. Comm., 750 F.2d 578 (9th Cir. 1983). Dismissal can be based on the lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984).

Where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but has not shown misconduct, than the pleader is entitled to relief. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). FRCP

8(a) "demands more than an unadorned, the Defendant-unlawfully-harmed-me accusation (citation omitted). A pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of cause of action will not do.' (citation omitted). Nor does a complaint suffice if it 'tenders named assertion[s]' devoid of 'further factual enhancement.'" Id. at 1949.

The Iqbal evaluation uses a two-prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Wilson Logistics Nev., Inc. v. Lincoln Gen. Ins. Co., 2011 U.S. Dist. LEXIS 124128, 4-5 (D. Nev. Oct. 26, 2011) (citing Ashcroft v. Iqbal, 556 U.S. at 662). Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. Only if the allegations state plausible claims for relief do the claims survive the motion to dismiss. Id.

As the Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 548, 127 S. Ct. 1955, 1961 (2007) explained:

> While a complaint attacked by a FRCP12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

IV. **LEGAL ARGUMENT**

A. **Plaintiff's Claims are Barred by the Statute of Limitations.**

Plaintiff's first claim is bought under 18 U.S.C. § 1595(a). 18 U.S.C. § 1595(c)(1) states that "[n]o action may be maintained under subsection (a) unless it is commenced not later than . . . 10 years after the cause of action arose." Plaintiff's second cause of action is bought under NRS 41.13964 for personal injury and Plaintiff's third cause of action is bought under NRS 41.1399 for human trafficking. NRS 11.190(3)(a) establishes that an "action upon a liability created by statute" must be commenced within 3 years. Plaintiff's remaining causes of actions, (four through seven), for intentional infliction of emotional distress, negligent infliction of emotional distress, invasion of privacy, and negligence or premises liability are bought under Nevada common law. NRS

137074096.1     6

11.190(4)(e) establishes that an "action to recover damages for injuries to a person…caused by the wrongful act or neglect of another" must be commenced within 2 years.

Federal law determines when the statute of limitations begins to run. Lukovsky v. City & Cnty. of S.F., 535 F.3d 1044, 1048 (9th Cir. 2008). A claim accrues when the plaintiff knows or has reason to know the basis of the claim. Id. (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999)).

Based upon Plaintiff's own allegation in her Complaint, the statutes of limitations began to run for all of Plaintiff's alleged claims against Highgate in late 2011. Plaintiff initiated her lawsuit by the filing of a complaint on November 21, 2023. Plaintiff subsequently filed her First Amended Complaint on February 7, 2024. The allegations against Defendant HIGHGATE remain unchanged and refer to events that allegedly took place in 2011 during Plaintiff's four-month stay at the Lexington. All the alleged events took place well beyond the federal and state statutory period. Whether the statute of limitations began to run immediately after the 4-month stay at the Lexington in 2011 or during Plaintiff's several weeks of "freedom" in 2011, all of Plaintiff's claims against Highgate are time barred. Plaintiff's claims against HIGHGATE accrued when she knew or had reason to know of their basis, which came in 2011. Plaintiff alleges she suffered damage at the Lexington in 2011 and filed in November 2023. Neither the Complaint nor the First Amended Complaint state on which specific date in 2011 Plaintiff "escaped" and was "living alone and making her own decisions" prior to returning to sex work. (First Amended Complaint, ECF 57, ¶ 160). However, both pleadings are clear that Plaintiff was making her own decisions after her stay at the Lexington and chose to returned to sex work before the end of 2011. As such, Plaintiff's claims against HIGHGATE began to accrue prior to the end of the 2011 year. This is beyond the applicable statutes of limitations for <u>all</u> of Plaintiff's causes of actions. Plaintiff is time-barred unless there is some basis for applying equitable estoppel or equitable tolling.  Neither of these legal theories apply. Thus, the entirety of Plaintiff's First Amended Complaint as to HIGHGATE is time barred.

//

//

        i.        **Plaintiff's Claims Are Not Subject to Equitable Tolling**

In certain circumstances, the statute of limitations may be tolled. A federal court must give effect to a state's tolling provisions to the extent that they are not inconsistent with federal law. Id. at 1051 n.5 (citing Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002)). The doctrine of equitable tolling is a nonstatutory remedy that permits a court to suspend a limitations period and allow an otherwise untimely action to proceed when justice requires it. See, 51 Am. Jur. 2d Limitation of Actions § 153 (2021 update). A statute of limitations is primarily intended "to '[prevent] surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.'" Petersen v. Bruen, 106 Nev. 271, 273, 792 P.2d 19, 20 (1990) (alteration in original) (quoting Order of R.R. Telegraphers v. Ry. Express Agency, Inc., 321 U.S. 342, 348-49, 64 S. Ct. 582, 88 L. Ed. 788 (1944)).

The main purpose of a statute of limitations "is to encourage the plaintiff to pursu[e] his rights diligently, . . . when an extraordinary circumstance prevents him from bringing a timely action, the restriction imposed by the statute of limitations does not further the statute's purpose." CTS Corp. v. Waldburger, 573 U.S. 1, 10, 134 S. Ct. 2175, 189 L. Ed. 2d 62 (2014) (internal quotation marks omitted). Accordingly, it is "presume[d] that equitable tolling applies if the period in question is a statute of limitations and if tolling is consistent with the statute." Lozano v. Montoya Alvarez, 572 U.S. 1, 11, 134 S. Ct. 1224, 188 L. Ed. 2d 200 (2014); see also United States v. Kwai Fun Wong, 575 U.S. 402, 407, 135 S. Ct. 1625, 191 L. Ed. 2d 533 (2015) ("[W]e recognize[ ] that time bars in suits between *private* parties are presumptively subject to equitable tolling."); see also 54 C.J.S. Limitations of Actions § 132 (2021 update) ("Limitations periods are customarily subject to equitable tolling unless tolling would be inconsistent with the text of the relevant statute.").

The Nevada Supreme Court in Copeland v. Desert Inn Hotel, 99 Nev. at 826, 673 P.2d at 492 set forth nonexclusive factors to consider when determining whether equitable tolling is appropriate:

> the diligence of the claimant; the claimant's knowledge of the relevant facts; the claimant's reliance on authoritative statements by the administrative agency that misled the claimant about the nature of the claimant's rights; any

> deception or false assurances on the part of the employer against whom the claim is made; the prejudice to the employer that would actually result from delay during the time that the limitations period is tolled; and any other equitable considerations appropriate in the particular case.

Id.

The Nevada Supreme Court has explained that the focus of equitable tolling is "whether there was excusable delay by the plaintiff." City of N. Las Vegas v. State, Local Government Employee-Management Relations Board, 127 Nev. 631, 640, 261 P.3d 1071, 1077 (2011) (emphasis added) (internal quotation marks omitted). Equitable tolling applies when the claimant has demonstrated diligence. See, State Department of Taxation v. Masco Builder Cabinet Group, 127 Nev. 730, 739, 265 P.3d 666, 672 (2011). In other words, assuming Plaintiff seeks to toll the limitations period, Plaintiff must demonstrate that she acted diligently in pursuing her claim and that extraordinary circumstances beyond her control caused her claim to be filed outside the limitations period. See, Fausto v. Sanchez-Flores, 482 P.3d 677, 682, 2021 Nev. LEXIS 10, *10, 137 Nev. Adv. Rep. 11, 2021 WL 935729.

Plaintiff cannot demonstrate that she acted diligently to bring her claims. In both the Complaint and First Amended Complaint, Plaintiff admits to several time periods where Plaintiff was free from the control of any pimp and/or sex trafficking, but for one reason or another, resumed sex work. Plaintiff admits that after her stay at the Lexington in 2011 and during what appears to be the last quarter of 2011, Plaintiff "spent several weeks living alone and making her own decisions for the first time in nearly a year." (Complaint, ECF No.2-1, ¶ 80; First Amended Complaint ¶ 160). Plaintiff returned to the sex trade by taking a friend's offer to put her in touch with another pimp, Rashid. (Complaint, ECF No.2-1, ¶¶ 81-82; First Amended Complaint, ECF 57, ¶¶ 161-162). In mid-2013, Plaintiff escaped from the sex trade once again and remained free for at least a six-month period. Plaintiff returned to the sex trade in early 2014 by making the decision to reach out and return to her first pimp, Walter. (Complaint, ECF No.2-1, ¶¶ 142-153; First Amended Complaint, ECF 57, ¶¶ 232-243).

Plaintiff may argue that she was under a legal disability due to the trauma she suffered as a sex trafficking victim. However, both the Complaint and First Amended Complaint describe Plaintiff as someone who understood her situation and made more than one calculated decision to "escape." (Complaint, ECF No.2-1, ¶ 77,148; First Amended Complaint, ECF 57, ¶ 157, 238). Given Plaintiff's deliberate and successful attempts to "escape," Plaintiff cannot reasonably argue that she was under a legal disability and unable to seek legal counsel once she was "free." Moreover, when Plaintiff was "free," Plaintiff returned to the sex trade *twice* by knowingly reaching out to men who were clearly in the business of sex trafficking. (Complaint, ECF No.2-1, ¶¶ 81-82, 152-153; First Amended Complaint, ECF 57, ¶¶ 161-162, 242-243). Plaintiff does not allege any *factual* discovery in 2023 against Highgate that led her to finally file a complaint almost 13 years after her first period of "freedom" in late 2011. Plaintiff's knowledge of the operative facts giving rise to her claims was the same in late 2011 as it was in 2023.

As such, Plaintiff's claims against HIGHGATE are not subject to equitable tolling. Plaintiff's first instance of freedom following the allegation against HIGHGATE was in late 2011 and that is when the statute of limitations began to run. Plaintiff's claims against HIGHGATE are simply time barred.

ii. **Plaintiff's Claims Are Not Subject to Equitable Estoppel**

While equitable estoppel may apply to relieve a plaintiff from the running of the statute of limitations, it does not apply in this case. Equitable estoppel focuses on actions taken by the defendant to prevent a plaintiff from filing suit, sometimes referred to as "fraudulent concealment." Johnson, 314 F.3d at 414 (citing Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450-51 (7th Cir.1990)). To benefit from equitable estoppel, the plaintiff must point to some active conduct by the defendant "above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." Guerrero v. Gates, 442 F.3d 697, 706 (9th Cir. 2006) (quoting Santa Maria v. Pac. Bell, 202 F.3d 1170, 1176-77 (9th Cir. 2000)).

Equitable estoppel does not apply in this case. Plaintiff does not allege any conduct by HIGHGATE that prevented Plaintiff from pursuing legal action after her "escape" in 2011, let alone

any such conduct by HIGHGATE that is separate from the alleged conduct underlying Plaintiff's claims against HIGHGATE. The factual basis to support Plaintiff's claim against HIGHGATE was not concealed from her. HIGHGATE did not engage in any coercive or misleading conduct that would have concealed Plaintiff's claims. As noted above, Plaintiff was able to seek legal counsel and file suit during her periods of "freedom" in late 2011 and mid-2013. Instead, Plaintiff reached out to men known to deal in the sex trade. There is simply no identifiable basis for equitable tolling after Plaintiff "escaped" and was "free" in late 2011. Accordingly, Plaintiff's claims under the TVPRA and Nevada law are time-barred.

### B. The Complaint Cannot Be Cured by Amendment.

After the period to amend as a matter of course has passed, a party generally "may amend its pleading only with the opposing party's written consent or the court's leave." See Fed. R. Civ. Pro. 15(a)(2). The FRCP encourage courts to "freely give leave when justice so requires," Id., and the Ninth Circuit has instructed courts in this circuit to apply FRCP 15(a)(2) liberally. Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" 708 F.3d at 1117 (alteration in original) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

But "[w]hile Fed. R. Civ. P. 15(a) encourages leave to amend, district courts need not accommodate futile amendments." Newland v. Dalton, 81 F.3d 904, 907 (9th Cir. 1996). Leave to amend need not be granted where even after amending, the complaint would fail to state a claim upon which relief could be granted. See Partington v. Bugliosi, 56 F.3d 1147, 1162 (9th Cir. 1995) (affirming district court's denial of leave to amend where the plaintiff failed to state a claim and "it [was] clear that the deficiency in [the] complaint could not have been overcome by amendment"); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal."); Jones v.

Community Redevelopment Agency, 733 F.2d 646, 650-51 (9th Cir. 1984) (affirming denial of leave to amend where the proposed complaint would fail to state a claim under § 1983); Breier v. Northern Cal. Bowling Proprietors' Ass'n, 316 F.2d 787, 790 (9th Cir. 1963) ("As we have recently said, leave to amend should be allowed unless the complaint 'cannot under any conceivable state of facts be amended to state a claim.'" (quoting Alexander v. Pac. Maritime Ass'n, 314 F.2d 690 (9th Cir. 1963))).

Here, Plaintiff cannot again amend her pleading a second time in a way that would avoid the lawsuit being time barred as to HIGHGATE. See Cantrall v. Hartford Fin. Servs. Grp., 591 F. App'x 569, 570 (9th Cir. 2015) ("[T]he district court denied [the plaintiff] leave to amend her complaint because it determined that an amended complaint would be futile. Since an amended complaint would have been subject to the same statute of limitations issues, the district court was well within its discretion to deny leave to amend."); Calhoun v. Dep't of Corr., 402 Fed. Appx. 196, 197 (9th Cir. 2010) ("The district court properly dismissed the action without leave to amend because it is clear from the face of [the plaintiff's] complaint that his claims are time-barred; his complaint cannot be cured by amendment."); Sackett v. Beaman, 399 F.2d. 884, 892 (9th Cir. 1968) (affirming denial of leave to amend where amendment would have been futile due to statute of limitations). Any control HIGHGATE may have allegedly asserted over Plaintiff ended when she "escaped" and was living on her own in 2011.

//
//
//
//
//
//
//
//
//

## V. CONCLUSION

For all the foregoing reasons, Defendant HIGHGATE HOTELS, L.P. respectfully requests that this Court grant its Motion to Dismiss Plaintiff's First Amended Complaint and dismiss this action with prejudice.

DATED this 1st day of March, 2024.

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP


By        /s/ Josh Cole Aicklen
JOSH COLE AICKLEN
Nevada Bar No. 007254
HUONG X. LAM
Nevada Bar No. 010916
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Attorneys for Defendant
HIGHGATE HOTELS LP

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of LEWIS BRISBOIS BISGAARD & SMITH LLP and that on this 1st day of March, 2024, I did cause a true and correct copy of **DEFENDANT HIGHGATE HOTELS, L.P.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6) WITH PREJUDICE** to be served via the Court's electronic filing system CM/ECF, which will effectuate service on all counsel of record.

By  /s/ Peggy Kurilla
An Employee of
LEWIS BRISBOIS BISGAARD & SMITH LLP

137074096.1

14