1  JOSH COLE AICKLEN
   Nevada Bar No. 007254
2  Josh.Aicklen@lewisbrisbois.com
   HUONG X. LAM
3  Nevada Bar No. 010916
   Huong.Lam@lewisbrisbois.com
4  LEWIS BRISBOIS BISGAARD & SMITH LLP
   6385 S. Rainbow Boulevard, Suite 600
5  Las Vegas, Nevada 89118
   Telephone: 702.893.3383
6  Facsimile: 702.893.3789
   Attorneys for Defendant
7  HIGHGATE HOTELS LP

8                    UNITED STATES DISTRICT COURT

9                         DISTRICT OF NEVADA

10

11
   C.C., individually,                    CASE NO. 2:23-cv-02056-GMN-BNW
12
                Plaintiff,                 DEFENDANT HIGHGATE HOTELS,
13                                         L.P.'S REPLY IN SUPPORT OF
        vs.                                MOTION TO DISMISS PLAINTIFF'S
14                                         FIRST AMENDED COMPLAINT
   JAMAL F. RASHID a/k/a "MALLY MALL,"     PURSUANT TO FRCP 12(B)(6) WITH
15 an individual; HIGHGATE HOTELS, L.P.,   PREJUDICE
   a Delaware limited partnership;
16 RADISSON HOSPITALITY, INC., a
   Minnesota corporation; MARRIOTT
17 INTERNATIONAL INC., a Delaware
   corporation; DEUTSCHE BANK AG, a
18 German corporation; DEUTSCHE
   IMOBILIEN AG, a German corporation;
19 THE BLACKSTONE GROUP, L.P. a
   Delaware limited partnership; NEVADA
20 PROPERTY 1 LLC, a Delaware limited
   liability company, MGM RESORTS
21 INTERNATIONAL, a Delaware
   corporation; ARIA RESORT & CASINO
22 LLC, a Nevada Limited liability company;
   WYNN RESORTS, LIMITED,  a Nevada
23 corporation; WYNN LAS VEGAS, LLC, a
   Nevada limited liability company; STK LAS
24 VEGAS, LLC,  Nevada limited liability
   company; THE ONE GROUP LLC, a
25 Delaware limited liability company; THE
   ONE GROUP HOSPITALITY, INC, a
26 Colorado company; THE LIGHT GROUP,
   LLC, a Nevada limited liability company;
27 VICI PROPERTIES INC., a New York
   Real Estate Investment Trust; DESERT
28 PALACE LLC, d/b/a Caesar's Palace, a

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133573822.1

Nevada Limited Liability Company;
CAESAR'S ENTERTAINMENT, INC. f/k/a
Eldorado Resorts, Inc., a Delaware
corporation; and ROE CORPORATIONS
I-XX; and JOHN DOES I-XX,

                    Defendants.

Defendant HIGHGATE HOTELS, L.P., by and through its attorneys of record, Josh Cole Aicklen, Esq. and Huong X. Lam, Esq., of Lewis Brisbois Bisgaard & Smith LLP, hereby files the instant Reply in Support of Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

PLAINTIFF's Omnibus Response in Opposition to Defendants' Motion to Dismiss ("PLAINTIFF's Opposition") largely ignored and failed to address any of HIGHGATE's arguments and failed to cite any applicable authority pursuant to Local Rule 7-2. Accordingly,  HIGHGATE respectfully requests that the Court dismiss PLAINTIFF's First Amended Complaint and treat PLAINTIFF's deficient Opposition as a consent to granting HIGHGATE's Motion to Dismiss.

### II.    LEGAL ARGUMENT

#### A.  Plaintiff's Failure to Follow Local Rule 7-2 Indicates Implied Consent to Grant Highgate's Motion to Dismiss

It is well-established that a Motion or Opposition must be supported by points and authorities, which includes actual authorities cited. The Local Rules of Practice for the United States District Court, District of Nevada specifically provide for the same, that "[t]he motion must be supported by a memorandum of points and authorities." See, LR 7-2(a). Further, the Local Rules also provide that, "[t]he failure of an opposing party to file points

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133573822.1                                2

1   and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a

2   motion for attorney's fees, constitutes a consent to the granting of the motion." See, LR 7-

3   2(d).

4       In Deguara v. Prop. & Cas. Ins. Co., No. 2:11-CV-01973-KJD-VCF, 2012 U.S. Dist.

5   LEXIS 80314 (D. Nev. June 11, 2012), a case before the United States District Court for

6   the District of Nevada, the Plaintiff argued that "no case law is necessary to point out the

7   inherent conflict…" Id. at 3-4. The Deguara Court disagreed, and held that:

8

9       "[c]ontrary to Plaintiff's assertion, **case law is required to support every
        argument made before this Court. See Local Rule 7-2**. Plaintiff's counsel is
10      warned that the Court will not tolerate further disregard of the Local or Federal
        rules. Should Plaintiff's counsel continue to make unwarranted or
11      unsupported assertions, the Court will not hesitate to impose sanctions
        pursuant to Rule 11 and/or 28 U.S.C. § 1927."
12

13  Id. (emphasis added).

14      Similarly, in United States v. Johnson, 180 F. Supp. 2d 1155 (D. Nev. 2002) the

15  Defendant "provided no authority" for his claims, and the United States District Court for

16  the District of Nevada held that, "**Failure to file points and authorities in support of an issue**

17  **constitutes consent that a motion be denied as to that issue**." Id. at 1157. See, Local Rule

18  LR 7-2(d). (emphasis added). See also, Ilani v. Abraham, No. 2:17-cv-00692-APG-BNW,

19  2019 U.S. Dist. LEXIS 228130, at *4 (D. Nev. Sep. 17, 2019) ("Here, Plaintiffs do not cite

20  any legal authority supporting their motion to hold Mr. Abraham in contempt.") (citing LR 7-

21  2(d)).

22

23      In Bank of Am., N.A. v. Desert Pine Villas Homeowners Ass'n, No. 2:16-cv-00725-

24  JCM-NJK, 2016 U.S. Dist. LEXIS 94525 (D. Nev. July 19, 2016), the Court explained that

25  "Defendant cites no authority to support its contention…" Id. at 2. In response, the United

26  States District Court for the District of Nevada held that, "**Defendant's failure to cite authority**

27  **supporting its argument is, in itself, fatal. LR 7-2(d)**." Id. (emphasis added). Further, in

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9

<u>Blankenship</u>, the Court explained, "Defendants have not provided a single citation to any authority in the section of their motion requesting summary judgment on the battery claim." <u>Blankenship v. Cox</u>, No. 3:05-CV-00357-RAM, 2007 U.S. Dist. LEXIS 19425, at *40 (D. Nev. Mar. 19, 2007). In response, the United States District Court for the District of Nevada held that, "under the local rules, '[a]ll motions . . . shall be supported by a memorandum of points and  authorities.' D. Nev. R. 7-2(a)(motions). 'The failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion.' D. Nev. R. 7-2(d)(motions). <u>Id.</u> at 41.

10
11

  **B. <u>PLAINTIFF's Claims Are Not Subject to Equitable Estoppel and Cannot Be Cured by Amendment.</u>**

12
13
14
15
16
17
18
19
20
21
22

  PLAINTIFF's Opposition fails to address HIGHGATE'S arguments, ignoring all the relevant authority in support of dismissing PLAINTIFF's First Amended Complaint ("FAC"). Importantly, PLAINTIFF's Opposition also fails to cite to <u>any</u> applicable legal authority as to why the statute of limitations should be tolled. PLAINTIFF's Opposition merely regurgitates the bald accusations that employees at the Lexington should have known that PLAINTIFF was being trafficked against her will during a 4-month period in 2011. PLAINTIFF completely ignores the fact that the Lexington is a 27 story hotel with 725 rooms[1], and makes the following assumptions: (1) that every "john" stopped at the front desk and asked for her room; (2) that when her trafficker left the room, he would wait in the

23

---

24
25
26
27
28

[1] Here, we ask the Court to take judicial notice that the Lexington Hotel is a 27-story building with 745 rooms as this information can be accurately and readily determined from public sources whose accuracy cannot reasonably be questioned. "[I]f adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss." <u>Wensley v. First Nat'l Bank of Nev.</u>, 874 F. Supp. 2d 957, 963 (D. Nev. 2012) citing <u>United States v. Ritchie</u>, 342 F.3d 903, 909 (9th Cir. 2003); <u>see</u> Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

lobby or lounge in full view of desk staff; (3) that an employee was digging through their trash and observed the contents; (4) that the same security guards were called to her room when there was an issue; and (5) that no other hotel clients were generous tippers. PLAINTIFF goes on and on with the accusations that HIGHGATE (along with the Casino Defendants) is subject to perpetrator and/or beneficiary liability. However, HIGHGATE's Motion to Dismiss focus is not based on these factual allegations[2] but rather the fact that **Plaintiff's claims are barred by the statute of limitations.**

Specifically, PLAINTIFF made no arguments against or even addressed why PLAINTIFF's claims are not subject to equitable estoppel or that PLAINTIFF's FAC cannot be cured by amendment.  As such, PLAINTIFF's acquiescence constitutes consent to granting HIGHGATE's Motion to Dismiss on these bases.

### C. Equitable Tolling Does NOT Apply to Extend the Applicable Limitation Periods.

#### 1. Only Two Cases Cited by PLAINTIFF Might Be Authoritative but Are Factually Distinguishable

In PLAINTIFF's Opposition, PLAINTIFF argues that her claims are subject to equitable tolling yet provides no applicable authority as to why the statute of limitations should be tolled. Only two of the cases cited by PLAINTIFF might have a binding effect on this Court.  However, the cases are factually distinguishable and are not applicable to the instant case. It is a bold attempt to obfuscate the obvious – PLAINTIFF's claims against HIGHGATE are time barred.

The Ninth Circuit Court of Appeals may have explained this process the best in the context of how a court distinguishes cases in this way, <u>Milkovich v. Lorain Journal Co.</u>, 497

---

[2] Highgate reserves its right to bring forth a motion for summary judgment and/or motion to dismiss pending the outcome of this Motion to Dismiss.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133573822.1

U.S. 1, 18, 110 S. Ct. 2695 (1990):

> Using the techniques developed at common law, a court confronted with apparently controlling authority must parse the precedent in light of the facts presented and the rule announced. Insofar as there may be factual differences between the current case and the earlier one, the court must determine whether those differences are material to the application of the rule or allow the precedent to be distinguished on a principled basis. Hart v. Massanari, 266 F.3d 1155, 1172-73 (9th Cir. 2001). More succinctly, distinguishing cases on the facts requires a showing "that an authoritative expression of the law in one case does not apply to the facts of another case, that a deliberate statement in one case would be inappropriate when applied to a second case, and so forth." Michael Sean Quinn, Argument and Authority in Common Law Advocacy and Adjudication: An Irreducible Pluralism of Principles, 74 CHI.-KENT L.REV. 655, 772 (1999).

PLAINTIFF first cites Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1052 (9th Cir. 2013), making the overly-broad and conclusory statement: "Courts equitably toll federal statutes of limitation if the plaintiff can show that she has been pursuing her 'rights diligently,' and that 'some extraordinary circumstances stood' in the way." (Plaintiff's Opposition, ECF No. 88 ¶¶ 12-14). However, PLAINTIFF makes no attempt to show how she pursued her rights diligently and that extraordinary circumstances stood in her way.

In Kwai, the en banc court reversed the district court's dismissal of a negligence claim brought against the United States and remanded, holding that the six-month statute of limitation in the Federal Tort Claims Act, 28 U.S.C. § 2401(b), may be equitably tolled and that equitable tolling was available under the circumstances presented in the Kwai case. The en banc court in pertinent part, stated:

> "[L]ong-settled equitable-tolling principles" instruct that "'[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.'" Credit Suisse, 132 S. Ct. at 1419 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (emphasis omitted); see also Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). As to the first element, "[t]he standard for reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief. It requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances." Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir. 2011). Central to the analysis is

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

whether the plaintiff was "without any fault" in pursuing his claim. <u>Fed. Election Comm'n v. Williams</u>, 104 F.3d 237, 240 (9th Cir. 1996).

<u>Id.</u> at 1052.

In <u>Kwai</u>, defendants argued that plaintiff's claim was untimely because it was not filed within the six-month period from December 3, 2001 to June 3, 2022. However, this was not the consequence of any fault or lack of due diligence on the plaintiff's part. The plaintiff took care to exercise due diligence by seeking leave to amend her complaint on November 20, 2001, which was, at that time, the first day following exhaustion of her administrative remedies on which the plaintiff would have been permitted to file her claim in district court.  The plaintiff filed a Reply Memorandum, reiterating her request to file an amended complaint. The Magistrate Judge noted, it was "due solely to the delay inherent in the Magistrate Judge system that no action was taken with respect to those requests until the six-month limitations period had already run.  Moreover, the plaintiff fulfilled the notice concern that partially underlies the limitations statutes by informing the court and other parties of her desire to file an additional claim and requesting leave to do so." <u>Id.</u> at 1052-1053.

The <u>Kwai</u> case is distinguishable from the instant case because that plaintiff acted diligently in preserving her claims and even put the defendants on notice of the additional claim.  Here, PLAINTIFF's Complaint and Opposition state no facts to show that PLAINTIFF took action to preserve her claims against HIGHGATE.

PLAINTIFF also cites <u>Grant v. Swarthout</u>, 862 F.3d 914 (9th Cir. 2017) as a basis to make another overly-broad and conclusory statement that "'extraordinary circumstances' does not mean that filing a claim is impossible–just that the claimant likely would not have been able to do so." (Plaintiff's Opposition, ECF No. 88 at 18:26-28). In <u>Grant</u>, the 9th Circuit panel reversed the district court's order dismissing as untimely a California state

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

prisoner's federal habeas corpus petition. The 9th Circuit panel held that "[w]here a prisoner is dependent on prison officials to complete a task necessary to file a federal habeas petition and the staff fails to do so promptly, this constitutes an extraordinary circumstance." Grant v. Swarthout, 862 F.3d 914, 926 (9th Cir. 2017) (citing Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("Here, as an incarcerated pro se litigant, Miles depended on prison authorities to draw on his trust account and to prepare a check for the filing fee. He further relied on these same authorities to mail his check and petition to the district court. Once Miles made his request, any delay on the part of prison officials in complying with Miles' instructions was not within Miles' control." (emphasis added)); see also Stillman v. Lamarque, 319 F.3d 1199, 1202-03 (9th Cir. 2003) (holding that extraordinary circumstances outside of the petitioner's control existed where the prison's litigation coordinator promised the petitioner's lawyer that he would "obtain [petitioner's] signature in time for filing, but then broke his promise, causing the filing to be late.")

Not only are the facts in Grant distinguishable from this case, but the petitioner in that case was able to show that extraordinary circumstances existed outside of the petitioner's control that caused the delay in filing. Here, PLAINTIFF has plead no set of facts that HIGHGATE had control over her circumstances or that HIGHGATE prevented her from filing within the applicable limitation periods for her state law and TVPRA claims.

> 2.  The Remaining Cases Cited by Plaintiff are Non-Binding and Factually Distinguishable

PLAINTIFF's Opposition continues with overly-broad, conclusory, and potentially misleading statements as to why equitable tolling should apply by citing non-binding and non-persuasive cases that are factually distinguishable from the case at hand.

PLAINTIFF cites Doe v. Fitzgerald, 2022 U.S. Dist. LEXIS 8194, at *12 (C.D.Cal. Jan. 6, 2022) (citing One Indus., LLC v. Jim O'Neal Distrib., Inc., 578 F.3d 1154, 1160 (9th

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Cir. 2009)), arguing "equitable tolling is fact-intensive and requires a full record, the better practice in trafficking cases is to 'resolve it on summary judgment, after full discovery.'" (Plaintiff's Opposition, ECF No. 88  ¶¶ 15-18). Here, PLAINTIFF again fails to provide any analysis and also **misquotes** the <u>Fitzgerald</u> Court.

In <u>Fitzgerald</u>, there were ten plaintiffs and the defendants had moved to dismiss and requested a more definite statement under Rule 12(e). The <u>Fitzgerald</u> Court denied this request, holding:

> This is not simply a legal question, as the Court will have to make a fact-intensive inquiry on whether equitable tolling is appropriate for each individual Plaintiff. Therefore, rather than resolving the issue on a Rule 12(e) motion, "the better practice is to resolve it on summary judgment, after full discovery."

<u>Id.</u> at 12-13) (citing One Indus., LLC v. Jim O'Neal Distrib., Inc., 578 F.3d 1154, 1160 (9th Cir. 2009).

In <u>Fitzgerald</u>, the Court found that plaintiffs, Jane Does 1-10, in their complaint, described plausible ways in which defendants may have prevented one or more of these ten plaintiffs from pursuing their claims sooner. Thus, the <u>Fitzgerald</u> Court held that plaintiffs satisfied the pleading standards. According to the alleged facts which were taken as true, the <u>Fitzgerald</u> defendants committed sex acts on numerous occasions, with one or more of the ten plaintiffs, and used intimidation tactics to silence them. Based on this, the <u>Fitzgerald</u> Court permitted plaintiffs to utilize discovery to find support for their allegations. In other words, the <u>Fitzgerald</u> plaintiffs plead facts to support an argument for equitable tolling, which inevitably clashed with the relevant statute of limitations in that case. Here, PLAINTIFF has plead no facts that describe plausible ways in which HIGHGATE prevented PLAINTIFF from pursuing her claims against HIGHGATE after the 4-month period in 2011.

In another nonbinding case cited by PLAINTIFF, <u>Chy v. Yam</u>, No. 17-cv-04325 VAP (AGRx), 2017 U.S. Dist. LEXIS 224290 (C.D. Cal. Nov. 7, 2017), PLAINTIFF makes

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

another conclusory statement that "[t]here is 'no minimum threshold of psychiatric disability' a plaintiff must labor under before tolling becomes appropriate."  And again, PLAINTIFF failed to provide an analysis as to how this applies to her. The <u>Chy</u> plaintiff alleged that she was trafficked to the United States from Cambodia, forced to work for defendants and subjected to abuse and threats until she was rescued by law enforcement on September 28, 2015. <u>Id.</u> at 2-11. After her rescue, the plaintiff was diagnosed with post-traumatic stress disorder ("PTSD"). <u>Id.</u> at 11. The defendants sought to dismiss the false imprisonment claim on the grounds that it is barred by the one-year statute of limitations. <u>Id.</u> at 17. Plaintiff filed her original complaint on June 9, 2017, one year, eight months, and twelve days after her rescue. <u>Id.</u> at 17. The <u>Chy</u> Court held that plaintiff's allegations in her complaint, including her PTSD diagnosis, "support the reasonable inference that it was the extraordinary circumstances and Defendant's wrongful conduct that prevented Plaintiff from filing suit within the one-year statute of limitations. Plaintiff therefore has alleged sufficient facts to show the potential applicability of the equitable tolling doctrine." <u>Id.</u> at 20.

Applied to the instant case, PLAINTIFF had not met this burden.  PLAINTIFF's FAC makes a reference to PTSD but does not state that PLAINTIFF was **diagnosed** with PTSD at any point in time within the limitations period of her state law claims or her TVPRA claim.

PLAINTIFF goes on to cite several non-binding cases to support her overly-broad and conclusory statement that "the case law overwhelmingly favors allowing TVPRA claimants to survive a motion to dismiss and develop the record on their tolling arguments." (ECF 88 at 19:10-11). PLAINTIFF conveniently ignores the general rule that "[a] federal court must give effect to a state's tolling provisions to the extent that they are not inconsistent with federal law. <u>Lukovsky v. City & Cnty. of S.F.</u>, 535 F.3d 1044, 1051 n.5 (9th Cir. 2008)(citing <u>Azer v. Connell,</u> 306 F.3d 930, 936 (9th Cir. 2002)). As noted in HIGHGATE's Motion to Dismiss:

133573822.1                                    10

The Nevada Supreme Court has explained that the focus of equitable tolling is "whether there was excusable delay by the plaintiff." City of N. Las Vegas v. State, Local Government Employee-Management Relations Board, 127 Nev. 631, 640, 261 P.3d 1071, 1077 (2011) (emphasis added) (internal quotation marks omitted). Equitable tolling applies when the claimant has demonstrated diligence. See, State Department of Taxation v. Masco Builder Cabinet Group, 127 Nev. 730, 739, 265 P.3d 666, 672 (2011). In other words, assuming Plaintiff seeks to toll the limitations period, Plaintiff must demonstrate that she acted diligently in pursuing her claim and that extraordinary circumstances beyond her control caused her claim to be filed outside the limitations period. See Fausto v. Sanchez-Flores, 482 P.3d 677, 682, 2021 Nev. LEXIS 10, *10, 137 Nev. Adv. Rep. 11, 2021 WL 935729.

Even if this Court were to consider the non-binding cases cited by PLAINTIFF, these cases are factually distinguishable from the instant case.

PLAINTIFF takes a non-binding case and goes on to make the overbroad statement "[i]n cases involving human trafficking, at the motion-to-dismiss stage, it is 'simply too early to tell' if equitable tolling applies, citing Lama v. Malik, 58 F. Supp. 3d 226, 235 (E.D.N.Y. 2014). The Lama complaint alleged that defendants "isolated her, restricted her communications with others, did not encourage her to learn to speak or read English, retained her passport and green card (which she did not know she had), did not educate her as to her rights, and represented that they were saving her compensation for her benefit when they did not." Id. at 12-13. The plaintiff bought forth three claims under TVPRA, and one claim under the Fair Labor Standards Act ("FLSA") and one claim under New York Labor Law. The defendants moved to partially dismiss on statute of limitations grounds, arguing that the complaint was filed on May 14, 2012, approximately 5 years after she left their employ and seeks to recover for acts that occurred as long as 12 years prior. Id. at 232-233. However, the Lama Court denied the defendants' motion because the complaint alleged facts that the named defendants prevented plaintiff from asserting her claims.

Here, PLAINTIFF makes no allegations that HIGHGATE prevented her from asserting her claims after her stay at the Lexington. After 2011, HIGHGATE had no control

133573822.1

11

1  over PLAINTIFF which would have prevented her from going to an attorney to learn of her

2  rights. Instead, PLAINTIFF, having escaped from her traffickers on more than one occasion

3  she knowingly reached out to known traffickers and returned to the sex trade. (ECF No.2-

4  1, ¶¶ 142-153; ECF 57, ¶¶ 232-243). HIGHGATE had no control over PLAINTIFF and did

5  not force PLAINTIFF to take this course of action. And certainly, HIGHGATE did not take

6  
7  any action to prevent PLAINTIFF from timely filing a complaint.

8       PLAINTIFF's Opposition goes on to make yet another overly-broad and conclusory

9  statement:

10       Courts will dismiss a TVPRA claim on statute of limitations grounds only if the
         Defendants show that the survivor's allegations "affirmatively demonstrate"
11       her claims are barred and that she victim "fails to raise *some* basis for tolling."
         *Mbome v. Njie,* Civil Action No. 4:18-cv-00597-O, 2019 U.S. Dist. LEXIS
12       244565, at *11-12 (N.D. Tex. May 3, 2019) (emphasis in original). At the
         pleading stage, it isn't the survivor's burden to allege that the claims were
13       timely. *Id.*

14  (ECF 88 at 18:21-25)

15  
16       The <u>Mbome</u> complaint, filed July 20, 2018, made allegations under the TVPRA,

17  FLSA, violations of the Texas Civil Practice and Remedies Code's imposition of liability for

18  trafficking of persons, fraud, theft of services, breach of implied contract, and quantum

19  meruit. The plaintiff was a 72-year-old citizen of Cameroon who could not read or write and

20  spoke very little English.  She left Cameroon in 2008 to work as a housekeeper and nanny

21  for the defendants who lived in Texas. The plaintiff worked for the defendants for 8 years

22  without compensation, relying on the assurance that defendants intended to pay her.

23  
24  Defendants kept all of her travel documents claiming they were completing the necessary

25  process to extend her visa. In October 2015, the defendants informed plaintiff her services

26  were no longer needed, and she needed to leave. <u>Mbome v. Njie</u>, Civil Action No. 4:18-cv-

27  00597-O, 2019 U.S. Dist. LEXIS 244565, 2-6 (N.D. Tex. May 3, 2019)

28       The defendants moved for dismissal under the applicable statutes of limitation.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133573822.1                                    12

Taking the complaint as true and in the light most favorable to the plaintiff, the Mbome Court held that the FLSA, fraud, theft of services, contract and quantum-meriut claims accrued, at the earliest on or after October 2015. Id. at 13. The FLSA was held to be subject to a three-year limitations period." Id. at 16. The Mbome defendants argued that the standard four-year limitations period applied to the fraud, theft of services, contract, and quantum-meriut claims. The Court, finding that the allegations in the complaint provided sufficient basis that these claims accrued on or after October 2015, and if a four-year statute of limitations applied, held that the complaint was timely filed and denied the defendants' motion to dismiss.

Likewise, the Mbome Court found that the plaintiff's TVPRA claim was timely filed. Defendants argued that the TVPRA claim accrued when the plaintiff came to the United States in April 2008.  However, the complaint alleged that the plaintiff was misled about the compensation she would receive, resulting in her being misled about her rights under the TVPRA. The allegations in the complaint supported an inference that the plaintiff was prevented from asserting her rights by the defendants. Id. at 26-27. The Court further held that the plaintiff need not prove her claims at the 12(b)(6) stage, but "[s]he must, however, **adequately allege them**." Id. at 28, emphasis added.

The Mbome Court concluded at "the 12(b)(6) stage, the limitations defense is purely a pleading matter–the only question is whether the allegations in the complaint, taken as true and viewed in the light most favorable to the plaintiff, 'affirmatively demonstrate' the claims are time-barred and fail to raise "some basis" for tolling." Id. at 29, citing Frame v. City of Arlington, 657 F.3d 215, 240 (5th Cir. 2011). . . Therefore, a 12(b)(6) dismissal on a limitations defense should take place only where 'it can be determined from the face of a complaint that the limitations period has expired.'" Id. at 29, quoting Channel Source Inc. v. CTI Indus. Corp., No. 3:15-CV-0271-P, 2015 U.S. Dist. LEXIS 187201 at 2 (N.D. Tex.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Oct. 26, 2015).

Here, PLAINTIFF's Complaint affirmatively proves that her claims are time-barred as the allegations against HIGHGATE took place in 2011.  PLAINTIFF's Complaint, taken as true and viewed in the light most favorable to PLAINTIFF, fails to raise any basis for tolling of the limitations period for the claims against HIGHGATE.

PLAINTIFF uses yet another non-binding, distinguishable case to make yet another overly-broad and conclusory statement that "Courts refuse to dismiss TVPRA claims at the motion-to-dismiss stage even when the plaintiff has been free of trafficking for some time. A jury may always conclude that the survivor 'lacked the ability to assert her claim *after* her term' of enslavement ends 'because the extreme amount of psychological abuse' she suffered would have "made her unable to discover her rights." (ECF 88, 19:4-9, citing Ramos v. Hoyle, No. 08-21809-CIV-MARTINEZ-BROWN, 2010 U.S. Dist. LEXIS 151475, at *15-16 (S.D. Fla. Feb. 19, 2010)).

The Plaintiff in Ramos, a native of Peru, immigrated to the United States and worked for defendants from to 2002 to June 27, 2005. During this time, defendants threatened her and terrorized, controlled and manipulated her. The defendants claimed to own her immigration documents, continually promised increased pay and benefits, forced her to work on an almost constant basis, regularly threatened to turn her over to immigration authorities, prohibited her to maintain a diet to control her diabetes, withheld her wages to prevent her from leaving, denied her medical treatment and when she called defendants to request her passport after she stopped working for them, she was told that her passport had already been sent to immigration authorities. Defendants also told plaintiff that the police were looking for her and that she would be deported. Ms. Ramos specifically testified that Defendants threatened her with deportation to Mexico, where she had no connections, rather than to her native Peru. Ramos v. Hoyle, No. 08-21809-CIV-MARTINEZ-BROWN,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133573822.1                                                14

1   2010 U.S. Dist. LEXIS 151475, 13-14 (S.D. Fla. Feb. 19, 2010).

2       PLAINTIFF conveniently ignores the fact that the <u>Ramos</u> defendants did not raise

3   the statute of limitations issue prior to closing arguments.  Because the jury rendered their

4   verdict, the <u>Ramos</u> Court stated that the core questions is whether the jury's finding must

5   be altered to avoid manifest injustice. "Under federal law, equitable tolling is available

6   where  (1)  defendant's  wrongful conduct prevented plaintiff from asserting the claim; or

7   (2) extraordinary circumstances outside the plaintiffs control made it impossible to timely

8   assert the claim." <u>Id</u>. at 13, quoting <u>Nat'l Coalition Gov't of Union of Burma v. Unocal, Inc</u>.,

9   176 F.R.D. 329, 360 (C.D. Cal. 1997) (citing <u>Forti v. Suarez-Mason</u>, 672 F. Supp. 1531,

10  1549 (N.D. Cal. 1987)). While the Supreme Court has cautioned that equitable tolling is a

11  remedy to be used only sparingly, it has been "allowed . . . in situations where the

12  complainant . . . has been induced or tricked by his adversary's misconduct into allowing

13

14  the filing deadline to pass." <u>Id</u>. at 13, quoting <u>Irwin v. Dept. of Veterans Affairs</u>, 498 U.S.

15  89, 95, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990). The <u>Ramos</u> Court refused to disturb the

16  jury's findings because the defendants did not bring up the statute of limitations defense,

17  essentially tricking plaintiff out of introducing evidence to establish extraordinary circum-

18  stances to justify equitable tolling. <u>Id</u>. at 16.

19      In this case, PLAINTIFF has ample opportunity to introduce evidence to establish

20  extraordinary circumstances to justify equitable tolling.  PLAINTIFF's FAC and Opposition

21  do allege conduct by HIGHGATE after 2011 to justify equitable tolling.  PLAINTIFF may

22  argue that the sex trafficking she endured by other defendants constitutes extraordinary

23  circumstances.  However, this argument fails as she escaped her trafficker in 2011, lived

24  on her own and made her own decisions for a period of time. Then when PLAINTIFF chose

25  to return to the sex trade and she reached out to another known trafficker, instead of turning

26

27  to police or other authority when her prior trafficker began to "stalk her aggressively" (ECF

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

57, ¶ 160).

PLAINTIFF's Opposition continues with yet another overly-broad and conclusory statement that "the case law overwhelmingly favors allowing TVPRA claimants to survive a motion to dismiss and develop the record on their tolling arguments." PLAINTIFF provides no analysis and again referenced non-binding and distinguishable cases.

In <u>Franco v. Diaz</u>, 51 F. Supp. 3d 235, (E.D.N.Y. 2014), in the section cited by PLAINTIFF, the Court discussed the <u>Franco</u> plaintiff's claim for battery. The <u>Franco</u> plaintiff, a Paraguay citizen, came to the United States to work for defendants and  was under the defendants' control from April 2007 to October 2013. The <u>Franco</u> complaint was filed in March 2014 with allegations that defendants threatened her with deportation and held her passport.

The <u>Franco</u> defendants argued that the plaintiff's claim was barred by New York's one-year statute of limitations for battery for two incidents that occurred in April 2012 and October 2013. The <u>Franco</u> Court held that equitable tolling applied due to the defendants' conduct which prevented the plaintiff from enforcing her rights within the limitations period. In other words, the <u>Franco</u> plaintiff's claims for battery were equitably tolled to October 2013, when she escaped from defendants, making her claim timely since the complaint was filed in March 2014, five months after her escape.

Similarly, in the other cases cited by PLAINTIFF provide no guidance as to why equitable tolling should apply. <u>Adhikari v. KBR Inc.</u>, No. 4:16-CV-2478, 2017 U.S. Dist. LEXIS 156691 (S.D. Tex. Sep. 25, 2017), <u>Cruz v. Maypa</u>, 773 F.3d 138 (4th Cir. 2014), <u>Hongxia Wang v. Enlander</u>, 2018 U.S. Dist. LEXIS 37910 (S.D.N.Y. Mar. 6, 2018), and <u>Cruz v. Maypa</u>, 773 F.3d 138 (4th Cir. 2014) - are all non-binding and factually distinguishable.  None of these cases cited by PLAINTIFF support the application of equitable tolling in this case. In all four of these cases, the complaints alleged that the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

defendant(s) exerted control over the plaintiff(s) for a certain period of time after the injury occurred, and the Court(s) held that equitable tolling was applicable. Any alleged control HIGHGATE might have had over PLAINTIFF ended in 2011. PLAINTIFF initiated litigation in this matter on November 13, 2023. There are no allegations in PLAINTIFF's FAC that HIGHGATE exerted control over PLAINTIFF between 2011 and 2023 that would support the application of equitable tolling.

PLAINTIFF makes yet another overly-broad statement – "Generally speaking, tolling is even more appropriate when the defendants are in some way responsible for the plaintiff's disability or distressed mental state" and reference <u>Lopez v. Citibank, N.A.</u>, 808 F.2d 905, 907 (1st Cir. 1987) (ECF 88, 19:17-19).

More accurately, the <u>Lopez</u> Court held that "there is **NO** absolute rule that would require tolling whenever there is mental disability." <u>Lopez</u>, 808 F.2d 905, 906 (1st Cir. 1987) Emphasis added.

<u>Lopez</u> does cite to cases where the defendant **caused** the plaintiff's mental difficulties. "In these circumstances, several courts have allowed tolling despite the general rule against tolling for mental disability." <u>Id.</u> at 907, referencing <u>Clifford v. United States</u>, 738 F.2d 977, 980 (8th Cir. 1984) (tolling statute where alleged malpractice caused coma); <u>Zeidler v. United States</u>, 601 F.2d 527, 531 (10th Cir. 1979) (lobotomy was performed on plaintiff in 1947 and 1948 which caused plaintiff's disability); <u>Dundon v. United States</u>, 559 F. Supp. 469, 474-75 (E.D.N.Y. 1983) (plaintiff lapsed into a coma from which he never recovered shortly after a "shunt" operation to remove a brain tumor was performed in 1975); <u>cf. Leite v. Kennecott Copper Corp.</u>, 558 F. Supp. 1170, 1172 (D. Mass.) (distinguishing equitable estoppel, which arises when defendant's acts caused plaintiff's delay in filing suit, from ordinary equitable tolling), *aff'd*, 720 F.2d 658 (1st Cir. 1983).

1  In each of these cases, the claimed mental disabilities were the result of the

2  defendant(s) alleged conduct that prevented the plaintiff from filing suit. PLAINTIFF in this

3  case did not suffer such consequences as a result of HIGHGATE's alleged conduct.

4  Moreover, the plaintiffs in these cited cases had an objective standard for their mental

5  disabilities, to wit, they were medically institutionalized and diagnosed for their conditions.

6  PLAINTIFF's FAC and her Opposition contain no allegations that HIGHGATE's conduct

7  caused her to be diagnosed with a mental disability or to be institutionalized.

8

9  PLAINTIFF cites to Bassett v. Sterling Drug, Inc., 578 F. Supp. 1244 (S.D. Ohio

10  1984) and Hardy v. Potter, 191 F. Supp. 2d 873, 879 (E.D. Mich.2002) in further support of

11  her position.  However, the Bassett Court held that as a matter of federal law, in an ADEA

12  suit between private parties, the period for filing a charge with the Equal Employment

13  Opportunity Commission may be tolled, in the discretion of the Court, for that period of time

14  during which the claimant was **adjudicated** mentally incompetent or **institutionalized** under

15  a diagnosis of mental incompetence. Bassett v. Sterling Drug, Inc., 578 F. Supp. 1244,

16  1248 (S.D. Ohio 1984) (emphasis added).

17

18  The Bassett Court, quoted the Ohio state statute which required tolling when the

19  claimant "becomes of unsound mind and is adjudicated as such by a court of competent

20  jurisdiction or is confined in an institution or hospital under a diagnosed condition or disease

21  which renders him of unsound mind." Id. at 1248, citing Ohio Rev. Code § 2305.16 (Page

22  1981). The Bassett Court further stated that this objective standard permitted fair and

23  convenient application to avoid abuse. Id. PLAINTIFF has not only failed to point to any

24  comparable Nevada state statute that would allow tolling in this case, PLAINTIFF did not

25  allege that she was diagnosed of unsound mind during the limitations period for tolling to

26  apply.

27

28  In Hardy v. Potter, 191 F. Supp. 2d 873 (E.D. Mich. 2002), tolling was applied due

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

to the plaintiff's dementia. In <u>Hardy</u>, the plaintiff was employed as a supervisor at a Michigan Post Office and his application for retirement disability was granted based on dementia. The plaintiff's daughter, who subsequently obtained power of attorney, discovered her father had a claim before the Equal Employment Opportunities Commission that he was unable to pursue because of his dementia. The daughter, on behalf of her father, pursued the claim but was dismissed because it was not bought within the 45-day time limit. However, "[b]ased on the medical evidence submitted by Plaintiff and because the Government has adjudged Plaintiff as disabled based on dementia, Plaintiff was sufficiently mentally disabled" for equitable tolling to apply. <u>Id.</u> at 880. As noted above, PLAINTIFF's Complaint and Opposition contain no allegations that she was adjudicated mentally incompetent or institutionalized under a diagnosis of mental incompetence during the applicable limitation periods.

In a last-ditch effort, PLAINTIFF makes the bold statement that battered woman syndrome "is less severe than the mental damage caused by coerced sex trafficking – is considered by some Courts a form of disability that tolls the statute of limitations[3]" (ECF 88 19:25-27, referencing <u>Giovine v. Giovine</u>, 284 N.J. Super. 3, 663 A.2d 109, 1995 N.J. Super. LEXIS 28). However, there is no tort action for "battered woman's syndrome" in Nevada nor is it a basis for equitable tolling in Nevada. Rather, "[i]t is evidence to be considered to support a defense, such as self-defense, duress, compulsion, and coercion." <u>Boykins v. State</u>, 116 Nev. 171, 176, 995 P.2d 474, 478 (2000).

PLAINTIFF'S claims against HIGHGATE are barred as she has not raised any basis for tolling. PLAINTIFF presented no applicable case law or statute, whether binding or

---

[3] Arguably, this is Plaintiff's counsel providing testimony as to the severity of the mental damage caused by coerced sex trafficking.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

persuasive, as to why her claims are not subject to equitable estoppel.  Pursuant to Local Rule 7-2, Plaintiff's failure to properly address this topic is acquiescence and agreement to the same.

III.     <u>CONCLUSION</u>

For all the foregoing reasons, Defendant HIGHGATE HOTELS, L.P. respectfully requests that this Court grant its Motion to Dismiss Plaintiff's First Amended Complaint and dismiss this action with prejudice.

DATED this  26th  day of April, 2024.

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP


By _____/s/ Josh Cole Aicklen_____
JOSH COLE AICKLEN
Nevada Bar No. 007254
HUONG X. LAM
Nevada Bar No. 010916
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Attorneys for Defendant
HIGHGATE HOTELS LP

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133573822.1

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of LEWIS BRISBOIS BISGAARD & SMITH LLP and that on this 1st day of March, 2024, I did cause a true and correct copy of **DEFENDANT HIGHGATE HOTELS, L.P.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6) WITH PREJUDICE** to be served via the Court's electronic filing system CM/ECF, which will effectuate service on all counsel of record.


By    /s/ G. Ramos
An Employee of
LEWIS BRISBOIS BISGAARD & SMITH LLP

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133573822.1

21