Tyler J. Watson, Esq.
Nevada Bar No. 11735
SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Suite 200
Las Vegas, NV 89123
Telephone: (702) 222-4183
Facsimile: (702) 362-2203
*tjwatson@sjwlawfirm.com*

Sara M. Turner,
BAKER DONELSON
BEARMAN CALDWELL & BERKOWITZ, P.C.
1901 6th Avenue North, Suite 2600
Birmingham, Alabama 35203
Telephone: (205) 328-0480
Facsimile: (205) 322-8007
*smturner@bakerdonelson.com*
Attorneys for Defendant Radisson Hospitality, LLC

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Chloe C.,<br><br>Plaintiff,<br><br>v.<br><br>JAMAL F. RASHID, *et al.*,<br><br>Defendants. | **Case No. 2:23-cv-02056-GMN-BNW**<br><br>**DEFENDANT RADISSON HOSPITALITY, LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER AND LACK OF PERSONAL JURISDICTION** |

Defendant Radisson Hospitality, LLC ("Radisson" and named in this action as "Radisson Hospitality, Inc."), by and through undersigned counsel, hereby moves to dismiss Plaintiff's Second Amended Complaint (the "SAC"). (ECF No. 125.) This Court already found that it lacks personal jurisdiction over Radisson and Plaintiff's decision to continue to name Radisson as a Defendant in this case blatantly violates this Court's prior Order.

Plaintiff filed her First Amended Complaint ("FAC") against Radisson and numerous other Defendants on February 7, 2024. (ECF No. 57.) In the FAC, Plaintiff raised several claims against Radisson, including that it was purportedly a beneficiary "perpetrator" under 18 U.S.C. § 1591(a)(2). (*Id.* ¶ 276.) Plaintiff did not raise a direct "perpetrator" claim against Radisson under subsection (a)(1) of § 1591. (*See id.*)

On August 12, 2024, Radisson filed a motion to dismiss the FAC (the "Motion"). (ECF No. 103.) In the Motion, Radisson argued that the Court lacks personal jurisdiction over Radisson because "Plaintiff alleges that Radisson is a Minnesota corporation and that all of the conduct purportedly involving Radisson occurred outside Nevada, in New York, NY." (*Id.* at 3 (citations omitted).) Plaintiff filed its opposition to this Motion on August 27, 2024, (ECF No. 105), and Radisson filed its reply on September 3, 2024, (ECF No. 106).

On December 20, 2024, the Court entered its Order Granting Motions to Dismiss (the "Order"). (ECF No. 115.) In the Order, the Court "admonish[ed]" Plaintiff for filing an untimely opposition to the Motion without seeking leave of the Court. (*Id.* at 7 n.4.) The Court then found that "it lacks personal jurisdiction over Defendant Radisson." (*Id.* at 10.) The Court further granted Radisson's Motion and ordered that "the claims against Defendant Radisson are DISMISSED pursuant to FRCP 12(b)(2) for lack of personal jurisdiction." (*Id.* (emphasis in original).) Finally, the Court stated that it "dismiss[ed] the claims against Defendant Radisson without prejudice so that Plaintiff may bring her claims in the appropriate forum if she so wishes." (*Id.*)

Plaintiff declined the Court's invitation to bring her claims in the appropriate forum. Instead, Plaintiff ignored the Court's previous admonishment for Plaintiff to follow applicable rules by violating the Order and attempting to revive her claims in the *exact same forum—i.e.*, in this jurisdiction, in the very same case.

Following the Order, the SAC was entered on the docket for this matter on January 27, 2025. (ECF No. 125.) In the SAC, Plaintiff continues to name Radisson as a Defendant and continues to bring claims against Radisson. (*See id.*) Plaintiff even raises a new direct "perpetrator" claim against Radisson under subsection (a)(1) of 18 U.S.C. § 1591(a). (*See id.* ¶ 384 ("Through their acts and omissions described above, . . . the Lexington Defendants . . . are 'perpetrator[s]' of Plaintiff's sex trafficking within the meaning of 18 U.S.C. § 1591(a), and they are thus subject to perpetrator liability under 18 U.S.C. § 1595."). *See generally id.* ¶ 4 (stating that the phrase "the Lexington Defendants" includes Radisson and Highgate Hotels, L.P.).) Finally, Plaintiff does not include any new allegations relating to the personal jurisdiction analysis for Radisson. Plaintiff

continues to allege that Radisson "is a Minnesota corporation," (*id.* ¶ 4(b)), and purports to raise claims against Radisson based on alleged conduct that occurred outside Nevada, in New York, NY, (*see, e.g.*, *id.* ¶ 4(a), 100–161, 267–273).

Plaintiff thus ignores that this Court has already found that it lacks personal jurisdiction over Radisson in this case and seeks to continue to bring suit against Radisson in this forum. Plaintiff improperly forces Radisson to continue to expend time and resources to defend itself in a case where Radisson was already dismissed. Plaintiff also forces the Court to similarly expend time and resources to yet again address Plaintiff's claims against Radisson and, importantly, to *enforce its own Order*.

The Court gave Plaintiff one option if she desired to bring her claims against Radisson—to "bring her claims in the **appropriate forum** if she so wishes." (ECF No. 115 at 10 (emphasis added).) Plaintiff ignored this instruction and improperly maintains her claims against Radisson in this forum.

Radisson reasonably expected and hoped that Plaintiff would provide a detailed rationale for Plaintiff's decision to maintain the dismissed claims in the SAC. Instead, Plaintiff provides only the following statement in the SAC in an attempt to justify Plaintiff's insupportable decision to maintain these claims against Radisson:

> Plaintiff recognizes that the Court has dismissed her claims against Defendant Radisson for want of personal jurisdiction. Plaintiff continues to list Radisson in this Second Amended Complaint out of an abundance of caution, solely to ensure that the personal jurisdiction issue remains preserved for appeal.

(ECF No. 125 ¶ 4(b) n.1.) This rationale by Plaintiff is grossly deficient. Plaintiff unsurprisingly cites no authority stating that Plaintiff may violate this Court's Order, or that continuing to name Radisson in this matter is required to preserve the personal-jurisdiction issue for appeal. There were obvious options available to Plaintiff if she chose to appeal the Order. *See, e.g.*, Fed. R. Civ. P. 54(b). However, there is no legitimate basis for Plaintiff to continue to name Radisson in this forum or in this case, and force Radisson to defend itself when the Court already found that it lacks

personal jurisdiction over said claims. Simply put, Plaintiff is inventing baseless reasons to contravene this Court's Order.

Nothing about this issue is complicated. Plaintiff defies this Court's authority and seeks to maintain claims against Radisson in contravention of this Court's Order.

Radisson requests that this Court enforce its Order and dismiss all of Plaintiff's claims against Radisson. Radisson further requests that the Court admonish Plaintiff for Plaintiff's ongoing and repeated failure to abide by this Court's rules or rulings. *See, e.g., FTC v. AMG Servs., Inc.*, Case No.: 2:12–cv–536–GMN–VCF, 2017 WL 4335016, at \*3 (D.N.V. Sept. 29, 2017) ("A district court has the inherent power to enforce its orders through civil contempt." (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966))).

For all the foregoing reasons, Radisson's Motion to Dismiss should be granted and all claims asserted against Radisson should be dismissed with prejudice.[1]

Respectfully submitted this 10th day of February, 2025.

SCHNITZER JOHNSON & WATSON, CHTD.

*/s/ Tyler Watson, Esq.* _____
Tyler Watson
Nevada Bar No. 11735
8985 S. Eastern Ave., Suite 200
Las Vegas, NV 89123
Telephone: (702) 222-4183
*tjwatson@sjwlawfirm.com*

BAKER DONELSON BEARMAN CALDWELL &
BERKOWITZ, PC
Sara M. Turner
1901 6th Avenue North, Suite 2600
Birmingham, AL 35203
Telephone: (205) 328-0480
*smturner@bakerdonelson.com*
*Counsel for Defendant Radisson Hospitality, LLC*

---

[1] If the Court declines to enforce its Order and permits Plaintiff to continue to pursue claims against Radisson in this case, Radisson (1) hereby incorporates by reference its previously filed Motion and associated briefing, (ECF Nos. 103 & 106), to the extent that briefing addressed claims and allegations that survive against Radisson, and (2) requests leave to file a new motion to dismiss addressing the surviving claims and allegations against Radisson, including Plaintiff's new claim.

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2025, a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on all counsel of record.

*/s/ Meranda Espinosa* _____
An employee of Schnitzer Johnson & Watson, Chtd.