**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

C.C.,

Plaintiff,

vs.

JAMAL F. RASHID, *et al.*,

Defendant.

Case No.: 2:23-cv-02056-GMN-BNW

**ORDER DENYING MOTION FOR RECONSIDERATION**

Pending before the Court is the Plaintiff C.C.'s Motion for Reconsideration, (ECF No. 202). Defendants Tao Group Operating, LLC ("Tao"), STK Las Vegas, LLC ("STK"), Wynn Las Vegas, LLC ("Wynn"), and MGM Grand Hotel, LLC ("MGM Grand") each filed Responses, (ECF Nos. 206, 207, 209, 210). Plaintiff filed Replies, (ECF Nos. 211, 212).[1]

For the reasons discussed below, the Court DENIES the Motion for Reconsideration.

## I. <u>BACKGROUND</u>

This action arises from Defendants' alleged involvement with Plaintiff being sex trafficked at their establishments. (*See generally* Third Am. Compl., ECF No. 170). Plaintiff claims that Defendants are liable under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595. (*See id.* ¶¶ 326–40). The Court incorporates by reference the detailed factual background stated in its Order Granting Defendants' Motions to Dismiss the First Amended Complaint, (ECF No. 115). Accordingly, the Court only provides facts that are relevant to the pending Motions.

[1] ECF No. 212 is Plaintiff's Motion and Declaration for Leave to file multiple reply briefs, including separate Replies to Tao/STK and MGM.

In addition to granting Defendants' Motions to Dismiss Plaintiff's First Amended Complaint, the Court also granted in part Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint. (*See generally* Order re Second Mots. Dismiss, ECF No. 164). Plaintiff then filed a Third Amended Complaint ("TAC"). The Court subsequently granted all Motions to Dismiss related to the TAC, with prejudice. (*See generally* Order re Third Mots. Dismiss, ECF No. 201). That Order dismissed Defendants Wynn, Tao, STK, and MGM Grand, leaving Jamal Rashid as the sole Defendant. (*Id.* 18:14–23). Plaintiff now moves the Court to reconsider its dismissal. (*See generally* Mot. Recons., ECF No. 202).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 59, a district court may grant a motion for reconsideration only where: (1) it is "presented with newly discovered evidence"; (2) it has "committed clear error," or "the initial decision was manifestly unjust"; or (3) there has been an "intervening change in controlling law." *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004); *see also Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A Rule 59(e) motion "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890. Moreover, Rule 60(b) permits a court to grant relief from a final order on a showing of mistake, surprise, or excusable neglect, Rule 60(b)(1); newly discovered evidence, Rule 60(b)(2); fraud, Rule 60(b)(3); a void judgment, Rule 60(b)(4); a satisfied or discharged judgment, Rule 60(b)(5); or other circumstances justifying relief, Rule 60(b)(6).

"A party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." LR 59-1. "Motions for reconsideration are disfavored." *Id.*

## III. DISCUSSION

Plaintiff moves the Court to reconsider its order dismissing her claims against Defendants Wynn, Tao, MGM Grand, and STK. (*See generally* Mot. Recons.). The Court addresses each of Plaintiff's arguments in turn.

### A. Defendants' Participation in a Venture

Plaintiff asks the Court to reconsider its finding that the TAC failed to allege facts showing Defendants' "participation in a venture" that trafficked her. (*Id.* 11:2–3). She presents three bases for reconsideration.

#### 1. Court's *Sua Sponte* Reconsideration

First, Plaintiff argues that the Court erred in dismissing her TVPRA claim *sua sponte*. (*Id.* 11:4–5). Plaintiff explains that Defendants had raised the same argument in both prior rounds of motion to dismiss briefing, and each time, the Court had rejected it. (*Id.* 11:12–15). In the third and most recent round, the Court reconsidered its previous decisions because of the Northern District of California's recent decision in *Doe (K.R.D.) v. Hilton Worldwide Holdings, Inc.*, 798 F. Supp. 3d 1082 (N.D. Cal. 2025). (Order re Third Mots. Dismiss 9:13–10:21).

Plaintiff contends that she is entitled to reconsideration because no Defendant introduced *Doe (K.R.D.)*, thereby depriving her of an opportunity to address the issue. But the Court did not commit clear error by electing to research caselaw related to the issue before it. It is a "longstanding principle" that a court "retains the independent power to identify and apply the proper construction of governing law." *Does v. Wasden*, 982 F.3d 784, 793 (9th Cir. 2020) (citation modified). A court can decide a legal issue on grounds not raised by the parties. *See Wood v. Midland Credit Mgmt., Inc.*, No. CV05-3881FMCMANX, 2005 WL 3159637, at *1 (C.D. Cal. Sep. 21, 2005).

More generally, Plaintiff argues that she was prejudiced by reliance on the Court's prior rulings and should be given an opportunity to alter or expand upon the arguments the Court

accepted in those prior rulings. (Mot. Recons. 11:25–12:9). But a court is entitled to reassess its own legal rulings in the same case. *Askins v. U.S. Dep't Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018). In particular, a court is required to undertake a new determination when the plaintiff amends his or her complaint, and it may come to a different decision in the process, as the Court did here. *Id.* at 1043. Plaintiff highlights three purportedly contrary authorities: *Dodd v. Spokane Cnty.*, 393 F.2d 330 (9th Cir. 1968), involving a court's *sua sponte* dismissal of the plaintiff's complaint mere hours after its filing; *Wood v. Santa Barbara Chamber of Com.*, 507 F. Supp. 1128 (9th Cir. 1980), involving a court's dismissal of all defendants when only some had filed motions to dismiss; and *Williams v. Runyon*, 130 F.3d 568 (3d Cir. 1997), a nonprecedential decision involving the court's post-trial reconsideration of its judgment as a matter of law. (Mot. Recons. 12:1–9). Each of these actions is factually distinct from the Court's dismissal of Defendants upon their motions.

Ultimately, despite Plaintiff's argument otherwise, the proposition underlying the Court's decision on Defendants' "participation in a venture"—that TVPRA claims usually involve either the defendant's direct support of the trafficker or a continuous business relationship between the two—was addressed in the briefing. (Order re Third Mots. Dismiss 10:9–12). For instance, Defendant Tao's Motion to Dismiss the TAC introduced that argument and cited several district court cases reaching the same conclusion as the Court. (Tao Third Mot. Dismiss 9:5–10:5). Likewise, both Wynn's Motion to Dismiss the TAC and its Motion for Interlocutory Appeal asked the Court to reconsider its decision on Defendants' "participation in a venture." (Wynn Third Mot. Dismiss 5:26–28, ECF No. 174); (*see generally* Wynn Mot. Interloc. App., ECF No. 172). Plaintiff therefore had sufficient notice of the legal issue, and the record was adequately developed to address it. *Curtis v. ABB Inc.*, No. CV 12-2014 PA (FMOx), 2016 WL 519159, at *4 (C.D. Cal. Feb. 8, 2016).

Accordingly, the Court did not commit clear error in dismissing Plaintiff's allegations based on relevant caselaw and arguments presented in the parties' briefing.

**2. Presence of a "Continuous Business Relationship"**

Plaintiff argues that even under *Doe (K.R.D.)*, her claims should have survived dismissal because a "continuous business relationship" can run through Plaintiff herself. (Mot. Recons. 12:19–21). She states, "although the defendant in *K.R.D.* rented the rooms to the plaintiff while her trafficker waited outside, [that court] treated this the same as renting rooms to her trafficker" and found sufficient evidence of a "continuous business relationship between the defendant and trafficker." (*Id.* 13:9–12). Plaintiff misstates the facts of *Doe (K.R.D.)*: there, the plaintiff alleged that the hotel-defendant rented rooms to the *trafficker*, which the district court found sufficient to show a sustained and ongoing business relationship. *Doe (K.R.D.)*, 798 F. Supp. 3d at 1095. Consequently, the Court did not commit clear error by distinguishing the facts of *Doe (K.R.D.)* from the facts alleged in the TAC.

Plaintiff correctly identifies one case in which district courts have found it sufficient to plead that the defendant rented rooms directly to the plaintiff. (Mot. Recons. 13:13–26) (citing *Doe v. Rickey Patel, LLC*, No. 0:20-60683-WPD-CIV, 2020 WL 6121939, at *5 (S.D. Fla. Sep. 30, 2020)). Nevertheless, one district court's contrary holding in a different circuit does not warrant reconsideration of the Court's holding. To reach its conclusion, the Court weighed the factual allegations and statutory interpretations from similar cases in multiple circuit courts and many district courts. (Order re Third Mots. Dismiss 10:3–21). It is not manifest error to choose one side in a split of authority. *Cohodas v. Cont'l Ins. Co.*, No. C22-1561-KKE, 2024 WL 2723811, at *3 (W.D. Wash. May 28, 2014) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1256 (9th Cir. 1999)). The Court did not commit clear error by exercising its discretion to choose which line of authority to follow in the absence of a definitive statement from a higher

court or a consensus among the district courts. *See, e.g.*, *Middlesex Ret. Sys. v. Quest Software, Inc.*, No. CV 06-6863-DOC (RNBx), 2009 WL 10673943, at *5 (C.D. Cal. July 8, 2009).

**3. *Ratha II***

Finally, Plaintiff argues that the Ninth Circuit's subsequent decision in *Ratha v. Rubicon Resources, LLC (Ratha II)*, 168 F.4th 541 (9th Cir. 2026), constitutes a change in law that warrants reconsideration. (Mot. Recons. 15:3–16). She characterizes *Ratha II* as demonstrating that 18 U.S.C. § 1590 "does not impose [the] victim-specific requirement" the Court applied. (*Id.* 15:14–15). According to Plaintiff, "[a]ll that is required is for the defendant to be on inquiry notice that the venture in which it is participating has trafficked *someone*." (*Id.* 15:15–16) (emphasis in original).

*Ratha II* is not "an intervening change in controlling law" that merits reconsideration, *Nunes*, 375 F.3d at 807, because Plaintiff fails to demonstrate that it would materially affect the Court's analysis. In *Ratha II*, the Ninth Circuit held that the plaintiffs had sufficiently pled that the defendant participated in a human trafficking venture by showing its continuous business relationship *with the trafficker*. 168 F.4th at 560. Unlike the scenarios alleged in Plaintiff's TAC, the *Ratha II* defendant did not interact directly with the plaintiffs; rather, it conducted business directly with the trafficker. *Id.* at 547–48. Because the Court's prior Order dismissed Plaintiff's allegations in large part because they did not sufficiently establish a relationship between her traffickers and Defendants, *Ratha II* supports, rather than undermines, the Court's decision.

**B. Wynn's Violation of 18 U.S.C. § 1591(a)(1)**

Plaintiff argues that the Court erred by declining to address Plaintiff's theory that Wynn "provided" her within the meaning of 18 U.S.C. § 1591(a)(1). (Mot. Recons. 17:25–28). Plaintiff acknowledges that she omitted Wynn from the section of the TAC that identified which Defendants "provided" her but argues that she was not required to fully articulate her

legal theories at the pleading stage. (Mot. Recons. 18:13–14) (quoting *Bacon v. Dep't of Hum. Servs.*, No. 22-35142, 2023 WL 2755592, at *1 (9th Cir. Apr. 3, 2023)).

18 U.S.C. § 1591(a)(1) creates liability for an entity who "knowingly . . . recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person." In the TAC, Plaintiff laid out her legal theories as to each Defendant's "specific conduct that makes it liable as a perpetrator under § 1591(a)(1)": for Defendant Rashid, "'harbor[ing]'; 'provid[ing]'; and 'advertis[ing]' Plaintiff," (TAC ¶ 329); for Defendant Wynn, "'harbor[ing]' Plaintiff," (*id.* ¶¶ 332–34); for Defendant MGM Grand, "'harbor[ing]' . . . 'transport[ing]' and 'provid[ing]' Plaintiff," (*id.* ¶¶ 332–35); for Defendant Tao, "'provid[ing]' . . . 'recruit[ing]' and 'obtain[ing]' Plaintiff," (*id.* ¶¶ 336–37); and for Defendant STK, "'provid[ing]' Plaintiff," (*id.* ¶ 336). Plaintiff also provided detailed factual allegations underlying each § 1591(a)(1) claim. (*See id.* ¶¶ 329–37).

In short, Plaintiff identified each element of § 1591(a)(1) that she believed applied to each Defendant. The Court then considered whether each Defendant's alleged actions met the standard of the § 1591(a)(1) element(s) Plaintiff asserted with respect to that Defendant. (Order re Third Mots. Dismiss 12:9–16:20). Since Plaintiff did not claim in the TAC that Wynn "provided" her, the Court did not consider whether the factual allegations against Wynn would support that legal theory. (*Id.* 16:2–4).

There are ten enumerated acts that constitute violations of § 1591(a)(1). It was not clear error for the Court to rely on Plaintiff's identification of the § 1591(a)(1) act(s) that applied to each Defendant and pass over alternatives not pleaded. Unlike the cases Plaintiff cites in her Motion for Reconsideration, Plaintiff did not neglect to label the precise legal theories she invoked; instead, she appears to invoke particular legal theories in the TAC. *Last Brand, Inc. v. Deckers Outdoor Corp.*, No. 26-cv-01540-SVK, 2026 WL 2533033, at *5 (N.D. Cal. Aug. 27, 2026). In ruling on the Motions to Dismiss, the Court was "not obligated to search for legal

theories not clearly laid out" in the TAC or "scour the record in search of a genuine issue of triable fact." *Mansour v. Cal-W. Reconveyance Corp.*, No. CV-09-37-PHX-DGC, 2009 WL 2132695, at *3 (D. Ariz. June 15, 2009) (quoting *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996)) (citation modified). Plaintiff cannot amend her pleading through the Motion for Reconsideration. *See, e.g.*, *McClintock v. Cooper*, No. 2:18-cv-0560-JAM-KJN, 2022 WL 2818945, at *3 (E.D. Cal. July 19, 2022), *report & recommendation adopted*, 2023 WL 2609606 (E.D. Cal. Mar. 23, 2023), *aff'd*, 2026 WL 2690013 (9th Cir. Sep. 14, 2026); *Billing Assocs. Nw., LLC v. Addison Data Servs., LLC*, No. C20-1854-RSM, 2025 WL 1837775, at *2 (W.D. Wash. July 3, 2025).

**C. Inferences Drawn Against Plaintiff**

Finally, Plaintiff contends that the Court erroneously drew "every inference against Plaintiff" with respect to the 10-year statute of limitations. (Mot. Recons. 19:22–20:28). In its Order on the Motions to Dismiss, the Court found that Plaintiff failed to plausibly allege that any of the Defendants "knew or recklessly disregarded" that she was being trafficked *within the 10-year statutory window*. (Order re Third Mots. Dismiss 16:22–7:25). Plaintiff does not challenge the Court's reading of the TVPRA's statute of limitations but rather its decision on the sufficiency of her factual allegations.

Plaintiff argues that the Court's decision on the sufficiency of the later allegations cannot be reconciled with the Court's acceptance of her allegations from the time-barred period in its prior Orders. (Mot. Recons. 19:27–20:4). In Plaintiff's view, if the Court accepts her allegations against Defendants with respect to her trafficking by Defendant Rashid, "it must draw in Plaintiff's favor the reasonable inference that Defendants retained their prior knowledge" even when she had returned to her former trafficker Walter. (*Id.* 20:3–4). But her earlier allegations were more detailed and, most importantly, were specific to her previous trafficker, Defendant Rashid. For instance, she alleged that Defendant Rashid accompanied her

and other victims to the gaming floor of the Wynn, where "he expected his scantily clad girls to compete for his attention by waiting on him hand and foot." (TAC ¶¶ 197, 200). Plaintiff fails to allege similar interactions between the Casino Defendants and Walter, who was her trafficker in the period not barred by the statute of limitations. The Court did not commit clear error in distinguishing between the substance of Plaintiff's allegations before and during the 10-year statute of limitations and concluding that changed factual circumstances prevented the Court from merely assuming Defendants' continued knowledge. *See, e.g.*, *Babakhanlou v. Los Angeles Cnty.*, No. 23-cv-8682 MWC (JPRx), 2025 WL 2304271, at *5 (C.D. Cal. May 29, 2025) (explaining that even if the court infers from the complaint that defendants had knowledge of plaintiff's medical condition in May and June, "it is not alleged that these defendants continued to have knowledge" thereof in July).

Furthermore, a "conclusory allegation of [a] defendant's knowledge is not entitled to a presumption of truth." *Urica, Inc. v. Medline Indus., Inc.*, No. CV 11-02476 MMM (RZx), 2011 WL 13128408, at *7 (C.D. Cal. Oct. 5, 2011) (citing *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)). As the Court explained in its Order on the Motions to Dismiss the Second Amended Complaint, general allegations that a Defendant or its employees "could not have helped but notice" signs of fraud or coercion are not enough to establish a plausible TVPRA claim. (Order re Second Mots. Dismiss 17:2–7). For instance, in denying MGM Grand's earlier Motion to Dismiss, the Court specifically identified Plaintiff's allegations of an employee's direct "interactions with Plaintiff and Rashid"—and not her general allegations that "any reasonable observer" would have noticed "the coercive nature of their relationship"—as the reason for its decision. (*Id.* 16:1–21). By contrast, Plaintiff's bare allegation that "no reasonable observer . . . could have believed" that her activity at the Aria Hotel and Casino "did not involve some form of fraud" was, in the Court's view, inadequate to establish Defendant Aria's knowledge. (*Id.* 17:2–7).

Despite being on notice from the Court that these types of allegations "are not pled with sufficient particularity," (*id.* 17:4–5), Plaintiff's renewed allegations of events within the 10-year statute of limitations were equally conclusory. She claimed that Defendants "would have had access to all the same clues," that "[t]he purpose of her visits was obvious for the same reasons it had been then," and that employees "could not have helped but notice [her] distressed appearance compared to her [earlier] visits." (TAC ¶¶ 246–49). The Court did not commit clear error in finding that such allegations were too conclusory to meet even Rule 8's liberal pleading standard.

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, (ECF No. 202), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Document, (ECF No. 212), and Defendant Wynn Las Vegas, LLC's Motion for Leave to File Document, (ECF No. 218), are **DENIED as moot.**

**DATED** this 29th day of September, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT